UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KULWINDER SINGH and BIKRAMJIT SINGH,
on their own behalf and on behalf of others
similarly situated,

                          Plaintiffs,        **OPINION & ORDER**

   - against -                                     No. 21-CV-8499 (CS)

MH MOBIL INC d/b/a MEADOW HILL MOBIL
MART and MH MOBIL 300 INC d/b/a MEADOW
HILL MOBIL MART,

                          Defendants.
-------------------------------------------------------------x

Appearances:

John Troy
Troy Law, PLLC
Flushing, New York
*Counsel for Plaintiffs*

Alex J. Smith
Middletown, New York

Kevin D. Bloom
Bloom & Bloom, P.C.
New Windsor, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court is the motion for summary judgment of Defendants MH Mobil Inc. and MH Mobil 300 Inc. ("Defendants" or "*Singh II* Defendants"). (ECF No. 36.) For the following reasons, the motion is GRANTED.

I. **BACKGROUND**

   A. **Facts**

The following facts are taken from the parties' Local Civil Rule ("LR") 56.1 Statements, supporting materials, and court records,[1] and are undisputed unless otherwise noted.

On May 19, 2020, Kulwinder Singh and Bikramjit Singh ("Plaintiffs") filed *Singh I*, *Singh v. Meadow Hill Mobile Inc. et al.*, 20-CV-3853, against Meadow Hill Mobile Inc. d/b/a Meadow Hill Mobil Mart, Hazim Abujaber, and Ahmad Ghadeer (the "*Singh I* Defendants")[2] in this Court, alleging that the *Singh I* Defendants employed them as gas station attendants at Meadow Hill Mobil Mart and failed to pay them proper minimum wages and overtime compensation required by the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (ECF No. 43-11 ("Ps' 56.1 Resp.") ¶¶ 1-2; *Singh I* Compl. ¶¶ 2-4, 7-8.) In the *Singh I* Complaint, Plaintiff Kulwinder Singh alleged that he was employed by the *Singh I* Defendants from May 16, 2016 to March 2, 2020, (Ps' 56.1 Resp. ¶ 3; *Singh I* Compl. ¶ 7), and Plaintiff Bikramjit Singh alleged that he was employed by the *Singh I* Defendants from October 1, 2018 to March 9, 2020, (Ps' 56.1 Resp. ¶ 4; *Singh I* Compl. ¶ 8). Plaintiffs also submitted affidavits to

---

[1] The Court takes judicial notice of documents from prior proceedings such as pleadings, orders, and judgments, *see Cabrera v. Schafer*, 178 F. Supp. 3d 69, 73 (E.D.N.Y. 2016), "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings," *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). I will refer to documents found on the docket of the prior related litigation, *Singh v. Meadow Hill Mobile Inc. et al.*, No. 20-CV-3853 ("*Singh I*"), as "*Singh I* Dkt. No. __" and documents found on the docket of the instant matter, No. 21-CV-8499 ("*Singh II*"), as "ECF No. __"

[2] In the *Singh I* Complaint, (ECF No. 40-1; *Singh I* Dkt. No. 1 ("*Singh I* Compl.")), Plaintiffs misnamed the *Singh I* Defendants as "Abujaber Hazim" and "Ahmed Ghadeer." After entry of default judgment against the *Singh I* Defendants, (*Singh I* Dkt. No. 46), Plaintiffs filed a letter with the Court seeking to correct the clerical error and identify the *Singh I* Defendants as "Hazim Abujaber" and "Ahmad Ghadeer," (*Singh I* Dkt. No. 47). The Court adopted the corrected names in its amended default judgment. (*Singh I* Dkt. No. 57 ("*Singh I* Amended Def. Jgt.").) I refer to the *Singh I* Defendants using their corrected names.

the same effect in support of their motion for default judgment against the *Singh I* Defendants. (ECF No. 40-2 ("K.S. Aff. in Supp. of Default") ¶ 4; ECF No. 40-3 ("B.S. Aff. in Supp. of Default") ¶ 4.)[3]

On August 30, 2021, the Court entered a default judgment against the *Singh I* Defendants. (*Singh I* Dkt. No. 46.)[4] The default judgment awarded Plaintiffs $250,098.60, which included damages for unpaid minimum wages, unpaid overtime compensation, and unpaid spread-of-hours premiums, as well as attorneys' fees. (Ps' 56.1 Resp. ¶ 8.) The damages covered all unpaid compensation during the periods for which Plaintiffs alleged that they worked for the *Singh I* Defendants. *Id.*; *see Singh*, 2021 WL 3862665, at *7-18 (setting forth damages and attorneys' fees recoverable by Plaintiffs).[5]

---

[3] In their LR 56.1 Statement, Defendants state that Plaintiff Bikramjit Singh's affidavit in support of his motion for default judgment averred that he was employed by the *Singh I* Defendants from May 1, 2016 to March 2, 2020, (ECF No. 37 ("Ds' 56.1 Stmt.") ¶ 6), but this is an error, as the underlying document makes clear, (*see* ECF No. 40-3 ¶ 4 ("I worked for MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart and from on or about October 1, 2018, to March 9, 2020, as a Cashier at Meadow Hill Mobil M [*sic*].")). Given that Defendants' statement appears to be a clerical mistake, there is no genuine dispute that Plaintiff Bikramjit Singh submitted an affidavit in support of the motion for default judgment in *Singh I* attesting that he was employed by the *Singh I* Defendants from October 1, 2018 to March 9, 2020.

[4] The judgment adopted Magistrate Judge Andrew E. Krause's Report and Recommendation, *Singh I* Dkt. No. 43, reported at 2021 WL 3862665 (S.D.N.Y. Aug. 29, 2021). As explained in footnote 2 above, the Court entered an amended default judgment on December 6, 2021. (Ps' 56.1 Resp. ¶ 7; *Singh I* Amended Def. Jgt.) The initial and amended judgments are substantively identical.

[5] On August 17, 2022, Defendants filed a letter with the Court expressing their intent to seek relief from the amended default judgment. (*Singh I* Dkt. No. 60.) After a pre-motion conference to discuss the anticipated motion, Defendants filed a motion to vacate the amended judgment on November 21, 2022. (*Singh I* Dkt. No. 67.) On June 14, 2023, the Court denied the motion to vacate as to Defendants Abujaber and Ghadeer and deferred ruling as to Defendant Meadow Hill Mobile Inc. (*Singh I* Dkt. No. 73.) On June 16, 2023, Meadow Hill Mobile Inc. withdrew its motion to vacate the amended default judgment against it. (*Singh I* Dkt. No. 74.)

B.  **Procedural History**

On October 15, 2021, Plaintiffs filed the instant lawsuit against the *Singh II* Defendants, alleging that the *Singh II* Defendants failed to pay them proper overtime compensation, minimum wages, and spread-of-hours premiums during their employment at Meadow Hill Mobil Mart in violation of the FLSA and the NYLL.  (ECF No. 1 ¶¶ 64-93.)  Plaintiffs asserted the same claims in their First Amended Complaint, which was filed on November 23, 2021.  (ECF No. 7 ("FAC").)  Defendant MH Mobil 300 Inc. answered on August 22, 2022, (ECF No. 18), and Defendant MH Mobil Inc. answered on February 16, 2023, (ECF No. 31).  At the close of fact discovery, Defendants filed a pre-motion letter setting forth grounds for their anticipated motion for summary judgment, (ECF No. 34), and Plaintiffs responded, (ECF No. 35).  The Court then held pre-motion conferences, (*see* Minute Entry dated May 16, 2023; Minute Entry dated September 27, 2023), and the instant motion followed.

II.  **LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law . . . .  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*  On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.

---

[6] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

4

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence sufficient to satisfy every element of the claim."  *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).  "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."  *Anderson*, 477 U.S. at 252.  Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials . . . ."  Fed. R. Civ. P. 56(c)(1).  Where an affidavit or declaration is used to support or oppose the motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  *Id.* 56(c)(4); *see Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008).  In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."  Fed. R. Civ. P. 56(e).

**III.     DISCUSSION**

Defendants argue that they are entitled to summary judgment on three grounds.  (ECF No. 38 ("Ds' Mem.") at 1.)  Because judicial estoppel and, alternatively, *res judicata* are dispositive, the Court need not address Defendants' statute of limitations argument.

**A.     Judicial Estoppel**

The doctrine of judicial estoppel "prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by that party in a prior legal proceeding."  *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 45 (2d Cir. 2015).  The "purpose of the doctrine is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."  *Intellivision v. Microsoft Corp.*, 484 F. App'x 616, 619 (2d Cir. 2012) (summary order).  "[B]ecause judicial estoppel is designed to prevent improper use of judicial machinery, it is an equitable doctrine invoked by a court at its discretion."  *Id.*

"[I]n evaluating whether to apply the doctrine of judicial estoppel, courts generally look for the existence of three factors:  (1) that a party's new position is clearly inconsistent with its earlier position, (2) that the party seeking to assert this new position previously persuaded a court to accept its earlier position, and (3) that the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *Id.*; *see Fed. Deposit Ins. Corp. v. Murex LLC*, 500 F. Supp. 3d 76, 104 (S.D.N.Y. 2020).  Judicial estoppel does not require that "the former position . . . have been the 'but for' cause of the earlier court's determination, so long as allowing that party to change positions would yield some unfair burden or benefit."  *Fed. Deposit Ins. Corp.*, 500 F. Supp. 3d at 104.  "Because the purpose of the rule is to protect the integrity of the judicial process, it is properly applied only when the risk of inconsistent results

6

with its impact on judicial integrity is certain." *Lia v. Saporito*, 541 F. App'x 71, 73 (2d Cir. 2013) (summary order).

Each of these factors is present in this case. First, Plaintiffs take a position in this action regarding the identity of their employers that is inconsistent with their position in *Singh I*. In *Singh I*, Plaintiff Kulwinder Singh alleged that he was employed by the *Singh I* Defendants from May 1, 2016 to March 2, 2020, (*Singh I* Compl. ¶ 7), and Plaintiff Bikramjit Singh alleged that he was employed by the *Singh I* Defendants from October 1, 2018 to March 9, 2020, (*Singh I* Compl. ¶ 8). Plaintiffs filed affidavits attesting to their employment with the *Singh I* Defendants during the aforementioned periods in support of their motion for default judgment against the *Singh I* Defendants. (*See* K.S. Aff. in Supp. of Default ¶ 4; B.S. Aff. in Supp. of Default ¶ 4.) In the instant action, Plaintiffs now allege that they were employed by the *Singh II* Defendants during the same periods for which they previously alleged that they were employed by the *Singh I* Defendants. (*See* FAC ¶¶ 46, 62.) This is clearly inconsistent, especially considering Plaintiffs now seek to recover from the *Singh II* Defendants the same unpaid minimum wages and overtime compensation from their employment at Meadow Hill Mobil Mart that this Court previously awarded them against the *Singh I* Defendants. (*See* FAC ¶¶ 76-105; *Singh I* Amended Def. Jgt.); *see Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 398 (5th Cir. 2003) (plaintiff's position that defendant was manufacturer of defective product was inconsistent with plaintiff's position in prior suit that different defendant, from whom Plaintiff recovered, was manufacturer).

Plaintiffs do not point the Court to any facts that would suggest that their current position is not inconsistent with their prior position regarding the identity of their employers. Rather, relying on the principle that "[j]udicial estoppel does not apply if the statements or positions in

7

question can be reconciled in some way," *Whitehurst v. 230 Fifth, Inc.*, 998 F. Supp. 2d 233, 247 (S.D.N.Y. 2014), Plaintiffs argue that their positions "can be reconciled," because Plaintiffs "had no knowledge or awareness about the [*Singh II*] corporations during the filing of *Singh I* and therefore could not have included the corporations that appear in *Singh II* in *Singh I*." (ECF No. 42 ("Ps' Opp.") at 4-5.)[7] As a matter of logic, Plaintiffs' knowledge of the *Singh II* Defendants, or lack thereof, at the time they filed *Singh I* has no bearing on whether Plaintiffs' positions are inconsistent. Their argument is not that the statements can be reconciled but that their inconsistency should be excused. But in any event, they do not provide declarations or any other evidence to substantiate their claim that they lacked knowledge of the *Singh II* Defendants that they now claim employed them. *See Fujitsu Ltd.*, 247 F.3d at 428 ("[T]he nonmoving party may not rely on conclusory allegations or unsubstantiated speculation."). Moreover, Plaintiffs admit that Kulwinder Singh received paystubs from *Singh II* Defendant MH Mobil 300 Inc. starting in June 2019, well before *Singh I* was filed, (FAC ¶ 31), and they present no reason they could not have discovered the existence of *Singh II* Defendant MH Mobil Inc. through public records as they must have done to bring *Singh II*.

It is true that judicial estoppel "is not appropriate when a party's inconsistency is the result of a good faith mistake or an inadvertent error." *Goldson v. Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP*, No. 13-CV-2747, 2014 WL 4061157, at *5 (S.D.N.Y. July 11, 2014), *report and recommendation adopted*, No. 13-CV-2747, 2014 WL 3974584 (S.D.N.Y. Aug. 13, 2014). But again, Plaintiffs do not offer any evidence to suggest that their inconsistency was such a result. To the contrary, Plaintiffs initiated *Singh II*, naming only the

---

[7] Plaintiffs do not argue that the *Singh I* Defendants and the *Singh II* Defendants were their joint employers; that term does not appear in the FAC or Plaintiffs' opposition to the instant motion.

8

*Singh II* Defendants as their employers for the entirety of the relevant period, despite – and making no mention of – having obtained a judgment against the *Singh I* Defendants in the prior action for the same alleged injury.  (*See* FAC ¶¶ 46, 62; Amended Def. J.)[8]

Moving to the second factor, this Court accepted Plaintiffs' prior position regarding the identity of their employers in its award of default judgment against the *Singh I* Defendants.  *See Singh*, 2021 WL 3862665, at *2 ("Kulwinder was employed by Defendants to work as a gas station minimart attendant at Meadow Hill from May 1, 2016 to March 2, 2020.  Bikramjit was employed by Defendants to work as a gas station minimart attendant at Meadow Hill from October 1, 2018 to March 9, 2020."); *id.* at 4 ("[E]ach of the Defendants qualifies as an 'employer' under the FLSA."); *id.* at 5 ("Defendants qualify as covered employers under the NYLL as well.").  Because liability under the FLSA and the NYLL requires that the defendant be an "employer," *see Ruixuan Cui v. E. Palace One, Inc.*, No. 17-CV-6713, 2019 WL 4573226, at *6 (S.D.N.Y. Sept. 20, 2019), Plaintiffs' prior position that they were employed by the *Singh I* Defendants at Meadow Hill Mobil Mart was necessary to the judgment.  The Court's acceptance of Plaintiffs' new position regarding their employers would thus "create the perception that either the first or the second court was misled."  *Molecular Dynamics Ltd. v. Spectrum Dynamics Med. Ltd.*, No. 22-CV-4332, 2022 WL 2901559, at *4 (S.D.N.Y. July 22, 2022).

Finally, Plaintiffs would derive an unfair advantage if the Court allowed them to proceed in their current posture – namely, Plaintiffs stand to recover twice for unpaid minimum wages and overtime compensation from their employment at Meadow Hill Mobil Mart.  *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Mfrs. & Traders Tr. Co.*, 137 F. App'x 529, 531 (4th Cir.

---

[8] Nor have Plaintiffs taken any steps to seek vacatur of the judgment they obtained in *Singh I*.

9

2005) ("[T]he possibility of double recovery on inconsistent factual theories . . . renders judicial estoppel particularly appropriate."); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1428 (7th Cir. 1993) ("[B]arring *double* recovery hardly seems an excessive sanction for careless . . . reliance in an earlier proceeding on a ground now argued to be mistaken.") (emphasis in original). This is so because Plaintiffs seek an entirely separate judgment against the *Singh II* Defendants for the same unpaid minimum wages and overtime compensation for which they already received a judgment against the *Singh I* Defendants. (FAC ¶¶ 76-105.)[9] They do not seek to hold the *Singh II* Defendants jointly and severally liable with the *Singh I* Defendants for the judgment in *Singh I*, which is unmentioned in the FAC.[10]

Accordingly, each of the judicial estoppel factors is present and Plaintiffs are estopped from asserting in the present action that the *Singh II* Defendants were their employers at Meadow Hill Mobil Mart during the relevant period. Since Plaintiffs' FLSA and NYLL claims require that they be employed by the *Singh II* Defendants, Plaintiffs cannot establish, as a matter of law, that they are entitled to relief from the *Singh II* Defendants. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 31-32 (E.D.N.Y. 2015) ("To establish a claim under the

---

[9] In their opposition, Plaintiffs argue that "the court should find that first there would be no unfair advantage because the defendants in *Singh I* are different from the defendants in *Singh II*." (Ps' Opp. at 5.) This does not address the concern that Plaintiffs stand to recover twice for the same injury. (*See* Ds' Mem. at 3-4.) I take Plaintiffs' primary argument for fairness, as ascertained from their motion papers, to be that because Plaintiffs cannot collect from the *Singh I* Defendants, Plaintiffs should be able to obtain a judgment against the *Singh II* Defendants. (See Ps' Opp. at 6.) As discussed in more detail below, this argument is unavailing.

[10] Plaintiffs contend in their LR 56.1 Statement, although not in their opposition brief, that "the *Singh II* Defendants are jointly and severally liable as successors to *Singh I* Defendant MEADOW HILL MOBILE INC.," (Ps' 56.1 Resp. ¶ 9), but, as discussed below, to the extent this is an argument for successor liability for the *Singh I* judgment, it is a theory not set forth in the Amended Complaint and that Plaintiffs may not raise for the first time in opposition to summary judgment. See pp. 15-16 below.

10

FLSA for minimum wage or overtime compensation, a plaintiff must show that he or she is an 'employee' of the defendant within the meaning of the FLSA."); *id.* at 34 ("To recover under the NYLL, Plaintiffs must prove that they were 'employees' and that Defendants were 'employers' as defined by the statute.").

### B.     Res Judicata

Even if Plaintiffs' positions were reconcilable, their claims would be barred by *res judicata*.[11]  *Res judicata*, or claim preclusion, means that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  To prove the affirmative defense of *res judicata*, a party must show that "the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Overview Books, LLC v. United States*, 438 F. App'x 31, 33 (2d Cir. 2011) (summary order).

As to the first and second factors, Plaintiffs do not dispute that *Singh I* resulted in a final judgment on the merits by a court of competent jurisdiction – *i.e.*, this Court.  It is "well established that a default judgment is deemed as conclusive an adjudication of the merits of an action as a contested judgment." *King v. City of N.Y.*, No. 20-CV-8283, 2021 WL 1856840, at *2 (S.D.N.Y. Apr. 6, 2021); *see Aghaeepour v. N. Leasing Sys., Inc.*, 378 F. Supp. 3d 254, 265

---

[11] Defendants did not raise the defense of *res judicata* in their answers.  Nevertheless, "the district court has the discretion to entertain the defense when it is raised in a motion for summary judgment, by construing the motion as one to amend the defendant's answer." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).  Leave to amend a complaint "is within the sound discretion of the district court," *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018), and should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2).  The Court thus grants Defendants' request, (Ds' Mem. at 11), to construe the instant motion as a motion for leave to amend their answers to incorporate the *res judicata* defense, and grants such leave.

11

(S.D.N.Y. 2019) ("A default judgment is typically considered a final judgment on the merits sufficient to invoke *res judicata*.").

As to the third factor, Plaintiffs argue that *res judicata* does not apply because the *Singh II* Defendants are different from the *Singh I* Defendants. (Ps' Opp. at 10.) But "[r]es judicata may apply even when the parties to the present action are different from the parties in the preceding action so long as the parties are in privity." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 654 B.R. 59, 73 (Bankr. S.D.N.Y. 2023). The principle of privity "bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." *Connelly v. City of St. Albans, Vermont*, No. 21-CV-291, 2023 WL 1785566, at *3 (D. Vt. Feb. 6, 2023). For purposes of *res judicata*, "literal privity is not a requirement." *Monahan*, 214 F.3d at 285. It is enough that the new defendant was "adequately represented in the initial action." *Kraus USA, Inc. v. Magarik*, No. 17-CV-6541, 2019 WL 4744772, at *4 (S.D.N.Y. Sept. 30, 2019). Courts have frequently found that "corporate defendants and their directors, officers and large shareholders are in privity because of the identity of interests and close relationship between them." *Hellman v. Hoenig*, 989 F. Supp. 532, 537 (S.D.N.Y. 1998) (collecting cases).

Privity exists between the *Singh I* Defendants and the *Singh II* Defendants. To start, there is no evidence that Plaintiffs did not know of the *Singh II* Defendants at the time of *Singh I*. Plaintiffs admit that they had paystubs from MH Mobil 300 prior to initiating *Singh I*, (*see* FAC ¶ 31; Ps' Opp. at 4; *see also* ECF No. 43-7), and there is no reason to believe that they could not have identified MH Mobil Inc. in public records at that time, as they must have done prior to initiating *Singh II*, (*see* Ps' Opp. at 4). Additionally, the *Singh II* Defendants have a sufficiently

12

close relationship with the *Singh I* Defendants such that they were adequately represented in *Singh I*. In *Singh I*, Plaintiffs sued Abujaber and Ghadeer (the "Individual Defendants") based on their roles as "officers, directors, managers and/or majority shareholders or owners of [Meadow Hill Mobile Inc.]" (*Singh I* Compl. ¶ 12.) There is undisputed evidence in the record of this case that the Individual Defendants were also directors and/or owners of the *Singh II* Defendants during the relevant period. (*See* ECF No. 43-9 ("Ahmad Ghadeer's Depo.") at 18:24, 37:17-38:5; ECF No. 43-10 ("Hazim Abujaber's Depo.") at 7:10-9:22, 20:11-16.) Given that Plaintiffs in *Singh I* sought to hold the Individual Defendants liable for unpaid minimum wages and overtime compensation for the periods during which they were directors and/or owners of the *Singh II* Defendants, (*see Singh I* Compl. ¶ 12), the Individual Defendants' interests were intertwined with the interests of the *Singh II* Defendants such that in *Singh I* they adequately represented the *Singh II* Defendants. *See Feitshans v. Kahn*, No. 6-CV-2125, 2006 WL 2714706, at *4 (S.D.N.Y. Sept. 21, 2006) ("Given that the Individual Defendants were the sole owners (as well as directors and officers) of the Entity Defendants and that their interests were at stake in the prior arbitration which they likely controlled, there is a sufficiently close relationship between the parties in both actions such that privity exists.").[12]

---

[12] The *Singh II* Defendants have not argued that they were inadequately represented in *Singh I* because Abujaber and Ghadeer chose to default and did not appear until they moved to vacate the default judgment. (*See Singh I* Dkt. No. 67). Any such argument would fail, as "the requisite privity must be found in the substantial identity of the incentives of the earlier party with those of the party against whom *res judicata* is asserted," *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995), and there is no distinction between the incentives of the parties in the two cases, *see Sterling Doubleday Enterprises, L.P. v. Marro*, 656 N.Y.S.2d 676, 677 (1997) (corporate officers, shareholders and directors were in privity with corporation, and res judicata bound them to corporation's default judgment, where their control of earlier litigation gave them the "opportunity to participate in the litigation of the case instead of permitting the entering of the default judgment.").

13

Finally, there is no question that *Singh I* and *Singh II* involve the same cause of action. The Second Circuit considers several factors in determining whether causes of action are the same, including "(1) whether the same transaction or connected series of transactions is at issue; (2) whether the same evidence is needed to support both claims; and (3) whether the facts essential to the second cause of action were present in the first cause of action." *In re State St. Assocs., L.P.*, 323 B.R. 544, 557 (Bankr. N.D.N.Y. 2005); *see Overview Books, LLC v. United States*, 755 F. Supp. 2d 409, 418 (E.D.N.Y. 2010), *aff'd*, 438 F. App'x 31 (2d Cir. 2011). The inquiry rests on "whether both lawsuits arise from the same transaction, or involve a common nucleus of operative facts." *Horti Americas, LLC v. Jacob's Vill. Farm Corp.*, No. 21-CV-915, 2022 WL 38719, at *2 (2d Cir. Jan. 5, 2022). Here, the claims in *Singh II* are identical to the claims in *Singh I* – namely, that Plaintiffs failed to receive proper overtime compensation, minimum wages and spread-of-hours premiums during their employment at Meadow Hill Mobil Mart. (*See Singh I* Compl. ¶¶ 2-4; FAC ¶¶ 2-4.) The claims in *Singh I* and *Singh II* thus involve the same cause of action.

Plaintiffs argue that *res judicata* should not apply because they did not know of the *Singh II* Defendants at the time of the *Singh I* case. (Ps' Opp. at 11-12.) As noted above, there is no evidence that that is the case, as well as evidence to the contrary, but even if this claim were supported, it would be irrelevant. "*Res judicata* applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999). In the absence of any suggestion of fraudulent concealment or inability to discover the existence of the *Singh II* Defendants, that Plaintiffs purportedly did not know of them at the time of *Singh I* does not bar the application of *res judicata.*

Accordingly, each of the *res judicata* factors is present and Plaintiffs are barred from relitigating the same FLSA and NYLL claims for which they already received a judgment in *Singh I*.

### C.  Successor Liability

Plaintiffs attempt to argue that successor liability precludes the Court's application of judicial estoppel or *res judicata*. (Ps' Opp. at 6-8.) Specifically, Plaintiffs contend that the *Singh II* Defendants are successors to the *Singh I* Defendants and, as such, are liable for the judgment against the *Singh I* Defendants, from whom Plaintiffs cannot collect. (*See id.*)[13] According to Plaintiffs, successor liability thus renders it proper for them to seek a judgment against the *Singh II* Defendants for the same unpaid wages and overtime compensation for which they already received a judgment in *Singh I*. (*See id.* at 8.) This argument is unavailing.[14]

Plaintiffs do not allege anywhere in their FAC that they seek to hold the *Singh II* Defendants liable for the judgment against the *Singh I* Defendants through successor liability. In fact, the FAC makes no mention of the default judgment awarded in *Singh I*. Instead, Plaintiffs allege that *Singh II* Defendant MH Mobil Inc. took over operation of the business from *Singh I* Defendant Meadow Hill Mobile Inc., (*see* FAC ¶¶ 18-27), and that the *Singh II* Defendants are somehow successors to each other, (*see id.* ¶¶ 28-37), but then assert FLSA and NYLL claims against the *Singh II* Defendants for the entire relevant period, (*see id.* ¶¶ 76-105). The FAC can

---

[13] Plaintiffs provide no evidence about what attempts they have made to collect the *Singh I* judgment, and therefore have not established that it is not collectable, but their arguments fails on other grounds in any event.

[14] The parties dispute whether the *Singh II* Defendants meet the requirements for successor liability for the judgment against the *Singh I* Defendants, (*see* Ds' Mem. at 4-8; Ps' Opp. at 6-8), but I need not address this argument because the successor liability argument fails on other grounds.

15

thus reasonably be read only as a separate action against the *Singh II* Defendants for the same unpaid wages and overtime compensation for which they already received a judgment in *Singh I*, not as an action to collect on the *Singh I* judgment.  Because Plaintiffs raise their claim seeking to collect the *Singh I* judgment from the *Singh II* Defendants as successors only in their opposition to this motion, I decline to consider this new claim.  *See Mediavilla v. City of N.Y.*, 259 F. Supp. 3d 82, 106 (S.D.N.Y. 2016) ("It is well settled that a litigant may not raise new claims not contained in the complaint in opposition to a motion for summary judgment.") (collecting cases); *Enzo Biochem, Inc. v. Amersham PLC*, 981 F. Supp. 2d 217, 223 (S.D.N.Y. 2013) ("It is well settled that a party may not amend its pleadings in its briefing papers.").[15]  Accordingly, successor liability does not shield Plaintiffs from the Court's application of judicial estoppel or *res judicata*.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 36), enter judgment for Defendants, and close the case.

---

[15] It seems plain to the Court that what Plaintiffs really want, as they admit in their opposition, (Ps' Opp. at 5-6, 11), is to hold the *Singh II* Defendants liable for the *Singh I* judgment as successors.  As noted, Plaintiffs' FAC cannot be read as a request to collect the *Singh I* judgment from the *Singh II* Defendants, but even if it could, it is not clear how this Court would have jurisdiction over that claim.  *See Demopoulos v. Anchor Tank Lines, LLC*, 117 F. Supp. 3d 499, 513 (S.D.N.Y. 2015) ("[F]ederal courts do not possess ancillary jurisdiction over new actions in which a federal judgment creditor seeks to impose liability for a money judgment on a person not otherwise liable for the judgment.").  I do not know why Plaintiffs did not commence an ordinary collection proceeding in state court instead of attempting to obtain another judgment for the same harms for which they were already awarded compensation in *Singh I*.

**SO ORDERED.**

Dated: September 11, 2024
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

17